[Civ. No. 20524. Second Dist., Div. One. Feb. 17, 1955.]

MELVIN STERN et al., Respondents, v. MARCUS KRASNE et al., Appellants.

Walter B. Gieselman for Appellants.

Charles C. Blaskower for Respondents.

DORAN, J.—On June 15, 1946, plaintiffs leased from the defendants certain real property for a term of five years, the written lease containing a covenant to extend the term for an additional five years. About five months prior to its termination, on January 20, 1951, plaintiffs' agent sent a letter to appellants, electing to renew the lease. Plaintiff's check for $300 representing the rental from April 15 to May 15, 1951, was returned by the defendants, with a letter stating that same "cannot be accepted as you have advised me that there will be no extension of the lease, which terminates on the 15th day of June, 1951. And to this we have agreed. The rent for the last two months of this five year lease has been paid."

Four days prior to the end of the term of the lease, plaintiffs, as tenants, filed an action for declaratory relief, asking the court to declare that the term had been extended. Subsequently, after a voluntary dismissal of the declaratory relief action, plaintiffs filed an action against defendants for slander of title in reference to the leased premises, and recovered a judgment for $6,500. After a motion by defendants for a new trial, this judgment and the supporting findings were vacated and a judgment of dismissal with prejudice entered, after plaintiffs had informed the court that the defendants' motion for dismissal would not be opposed.

Plaintiffs thereafter filed the present action for damages for breach of the covenant to extend the term of the lease, this breach being alleged to have occurred some two months after the slander of title complained of in the previous action. In this present action plaintiffs again recovered judgment against the defendants in the sum of $3,000, from which judgment defendants now appeal. In the trial court the defendants pleaded res adjudicata but the court concluded that the present action was not barred by the judgment of dismissal in the previous slander of title action.

It is appellants' contention that the present action is barred by the previous judgment for the reason that "A judgment between the parties is res judicata not only as to all issues raised in the former action, but also as to all issues which were by implication included or could have been included, in the trial of the former action." In this connection appellants' brief maintains that "the issues raised by the allegations in the

prior action of Slander of Title were identical with those in the present action, save and except the issue of damages which was, of course, different.''

■ Respondents' brief, however, correctly points out that ''The doctrine of res judicata may not be invoked merely because the rights, claims or demands arise out of the same subject matter involved in a prior litigation so long as they constitute separate or distinct causes of action which were not placed in issue in the former case.'' Although the two causes of action arose out of the same general transaction in the instant case, the essential elements of slander of title, a tort, are entirely different from those involved in the present action, contract in nature, seeking damages for breach of a covenant to renew the lease.

■ Slander of title is a tort involving the unprivileged publication of false matter disparaging to another's property rights. An action for breach of a covenant to renew a lease involves none of these elements, and is a simple contract action seeking damages which have resulted from the breach. There is no similarity between the two, and the fact that both actions have to do with the same transaction between the parties is of no consequence. Appellants' statement that ''the issues in the two cases . . . are identical up to the matter involving damages,'' is not borne out by the record, and the present action cannot be deemed a mere ''attempted readjudication'' of the issues in the previous action.

It is conceded that the judgment of dismissal with prejudice in the earlier action amounts to a judgment on the merits and a final disposition of the issues in that case. But the question in the previous case was whether there had been a slander of plaintiff's title. The issue in the second case concerned a mere breach of covenant by the defendant, an issue which was neither directly nor by implication involved in the previous litigation. ■ Moreover, as respondents aver, a judgment is not conclusive on immaterial or collateral matters brought up in a previous action. Nor is there any ''uncertainty or conjecture as to what was necessarily involved and decided in the slander of title action.''

■ Appellants' argument that ''The evidence shows that the plaintiffs were estopped by their course of conduct after receiving notice from the defendants that they understood the plaintiffs did not intend to extend the lease,'' is untenable. The trial court found that ''It is not true that Plaintiffs by their conduct . . . retracted, or waived their written notice

to extend the term of the aforesaid leasehold," and the record discloses substantial evidence in support of this finding. There was, for example, as noted in respondents' brief, the testimony of Mr. Stern that "when he found out that a for rent sign had been placed on the property by the defendants he ordered the sign removed and the same was removed."

The contention that "The evidence does not support the judgment wherein the Court found that the leasehold value of the five year period was Three Hundred Fifty ($350.00) per month," cannot be sustained. It is true that there was a difference of opinion between expert witnesses as to the matter of value, but the weight to be accorded expert testimony is a matter to be determined by the trier of fact and not by an appellate tribunal. There is substantial evidence in the record in support of the amount arrived at by the trial court.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.